UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL T. WILLIAMS,<br><br>    Plaintiff<br><br>v.<br><br>MICHAEL MINEV, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00293-RCJ-CSD<br><br>**Order**<br><br>Re: ECF Nos. 50, 55 |

Defendants have filed a motion for leave to file Exhibit U, which is a declaration from Warden Tim Garrett authenticating Exhibits Do, O, and P to Defendants' motion for summary judgment. (ECF No. 55.) With no opposition being filed by Plaintiff, Defendants' motion (ECF No. 55) is **GRANTED**.

Defendants have also filed a motion for leave to file exhibits to their motion for summary judgment under seal. (ECF No. 50.) For the reasons set forth below, that motion (ECF No. 50) is also **GRANTED**.

Defendants seek to file exhibits under seal in connection with their motion for summary judgment, which is unquestionably "more than tangentially related to the merits of a case." Therefore, the compelling reasons standard applies. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016).

This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records. *See, e.g., Moreno v. Adamson,* No. 3:19-cv-0330-MMD-CLB, 2021 WL 76722 (De. Nev. Jan. 7, 2021); *San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL89931, at

*n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, No. 09-000545 SOM/BMK, 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *Wilkins v. Ahern,* No. C 08-1084 MMC (PR), 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, No. CV-08-02381-PHX-FJM, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009). This is because a person's medical records contain sensitive and private information about their health. While a plaintiff puts certain aspects of his medical condition at issue when he files an action alleging deliberate indifference to a serious medical need under the Eighth Amendment, that does not mean that the entirety of his medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need be unnecessarily broadcast to the public. In other words, the plaintiff's interest in keeping his sensitive health information confidential outweighs the public's need for direct access to the medical records.

    Here, the referenced exhibits contain Plaintiff's sensitive health information, medical history, and treatment records. Balancing the need for the public's access to information regarding Plaintiff's medical history, treatment, and condition against the need to maintain the confidentiality of Plaintiff's medical records weighs in favor of sealing these exhibits.

**IT IS SO ORDERED**.

Dated: November 1, 2023

                                                  _____
                                                  Craig S. Denney
                                                  United States Magistrate Judge