UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL T. WILLIAMS,

    Plaintiff

v.

MICHAEL MINEV, et al.,

    Defendants

Case No.: 3:22-cv-00293-RCJ-CSD

**Order**

Re: ECF No. 59

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC), who filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 4.) The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC).

The court screened Plaintiff's complaint and allowed him to proceed with Eighth Amendment claims against defendants Dr. Michael Minev, Donnelly, Egerton, and Mejia. (ECF No. 3.) Donnelly and Mejia were dismissed without prejudice for lack of timely service under Federal Rule of Civil Procedure 4(m). (ECF No. 44.) Therefore, this action is proceeding only against Dr. Minev and Egerton.

On August 2, 2023, Egerton and Dr. Minev moved for summary judgment. (ECF No. 49.) Plaintiff's response was due on or before August 24, 2023. (*See* ECF No. 53.) Plaintiff did not file a response. Nevertheless, on September 15, 2023, the court gave Plaintiff an additional 30 days, until October 16, 2023[1], to file a response to Defendants' motion for summary judgment. (ECF No. 56.)

---

[1] 30 days fell on a Sunday, so the deadline moved to the next day, October 16, 2023.

Plaintiff still did not file a response to the motion for summary judgment. On November 1, 2023, over two weeks after the extended deadline for Plaintiff to file his response, the undersigned issued a report and recommendation that Defendants' motion for summary judgment be granted. The report and recommendation specifically advises that any objection to the report and recommendation must be filed by November 15, 2023. (ECF No. 58.)

On November 8, 2023, a week after the report and recommendation was issued, and over three weeks after the deadline to file his response expired, Plaintiff filed an untimely response to Defendants' motion. (ECF No. 59.) Plaintiff did not seek leave of court to file this belated document. Nor does the response contain any explanation regarding his failure to timely file his response.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(A)-(B).

Since Plaintiff filed this response *after* the time expired, he must file a motion demonstrating excusable neglect. He has not done so, and as such, has failed to meet his burden under Rule 6(b).

The Ninth Circuit applies a four-factor equitable test in determining "whether a party's failure to meet a deadline constitutes 'excusable neglect.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)). The factors are: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4)

whether the movant acted in good faith." *Id.* The Ninth Circuit clarified how to apply this test in *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir. 2000) (court must engage in the four-factor analysis) and *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc) (courts may not create per se "rigid legal rule against late filings attributable to any particular type of negligence.").

While Plaintiff has not filed a motion demonstrating excusable neglect, the court will nevertheless address these factors. First, there would be prejudice to the Defendants who timely filed their motion for summary judgment, while Plaintiff was given roughly 75 days to timely file a response and still failed to do so. Instead, Plaintiff waited another three weeks, and until after a report and recommendation was issued that the motion be *granted*, to file his response.

The length of the delay, discussed in detail above, is not insignificant, particularly when a party is waiting on a ruling on a potentially case-ending motion.

Next, Plaintiff has set forth absolutely *no* reason for the delay in filing his response.

Finally, because Plaintiff does not address the delay and did not seek leave of court for his late filing, there is no basis to find that he was acting in good faith.

For these reasons, Plaintiff's untimely response to Defendants' motion for summary judgment (ECF No. 59) is **STRICKEN**.

Plaintiff has until **November 15, 2023**, to file an objection to the report and recommendation that the motion for summary judgment be granted.

**IT IS SO ORDERED**.

Dated: November 8, 2023

_____
Craig S. Denney
United States Magistrate Judge